FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN MOODY, an individual, and KIRSTEN JONES, an individual<br><br>Plaintiffs,<br><br>v.<br><br>GRANT COUNTY; RYAN RECTENWALD and "JANE/JOHN DOE" RECTENWALD, husband and wife and the marital community thereof; JUAN NIEBLA and "JANE/JOHN DOE" NIEBLA, husband and wife and the marital community thereof; MATTHEW TEMPEL and "JANE/JOHN DOE" TEMPEL, husband and wife and the marital community thereof; NICHOLAS OVERLAND and "JANE/JOHN DOE" OVERLAND, husband and wife and the marital community thereof; KYLE FOREMAN and "JANE/JOHN DOE" FOREMAN, husband and wife, and the marital community thereof; LIVE NATION ENTERTAINMENT, INC.; and DOES I through X, individuals and business entities;<br><br>Defendants. | No. 2:25-CV-00022-MKD<br><br>STIPULATED PROTECTIVE ORDER<br><br>ECF No. 15 |

ORDER - 1

Before the Court is the parties' request for Stipulated Protective Order, ECF No. 15. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue the Stipulated Protective Order to prevent certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' request for Stipulated Protective Order, **ECF No. 15**, is **GRANTED.**

## PROTECTIVE ORDER

### I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, private or otherwise sensitive information for which special protection may be warranted. Accordingly, Plaintiffs Jonathan Moody and Kirsten Jones ("Plaintiffs") and Defendant Live Nation Entertainment, Inc. ("Live Nation"), Grant County Sheriff's Department, Grant County Sheriff Ryan Rectenwald, Juan Niebla, Matthew Tempel, Nicholas Overland, and Kyle Foreman ("Grant County Defendants") (collectively "the Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties acknowledge that this agreement is consistent with Federal Rule of Civil Procedure 26(c). It does not confer blanket protection on all disclosures or

responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

The Parties acknowledge this Protective Order applies to discovery, pre-trial, and post-trial proceedings.  This Protective Order binds the parties and their respective agents, successors, personal representatives, and assignees.

The Parties agree that the entry of this Stipulated Protective Order is warranted to facilitate discovery while protecting against disclosure of information that is confidential, private and/or otherwise sensitive.

II.   **"CONFIDENTIAL" MATERIALS**

"Confidential" material may include, but is not limited to, the following documents and tangible things that may be produced or otherwise exchanged:

- Private health and/or medical information;
- Personal information pertaining to any identified witness such as residential addresses and contact information;
- Personnel files and information;
- Trade secret information as defined in RCW 19.108.010(4);
- Proprietary business information relating to agreements and operations of any party, that is not publicly available;

ORDER - 3

- Any notes, lists, memoranda, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of "Confidential Information" and any summaries of "Confidential Information," which quote from, identify or refer to the "Confidential Information" with such specificity that the "Confidential Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Information" from which they are made and shall be subject to all of the terms of the Protective Order.

### III. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.  All documents produced by the parties and designated confidential fall under the protections of this order.  Designating parties may designate disclosed material as "Confidential" by marking such material as proscribed in Paragraph V of this document and by serving notice to all parties of such designation.  Once notice is served those

ORDER - 4

materials shall be treated as "Confidential" materials subject to the provisions of this order.

### IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIALS

4.1   Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "**CONFIDENTIAL**" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

ORDER - 5

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the Court, court personnel, and court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      (f)    the officers, directors, employees (including in house counsel), and former employees of the designating party to whom disclosure is reasonably necessary for this litigation, unless the Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

      (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may

ORDER - 6

not be disclosed to anyone except as permitted under this agreement. At the time of the deposition or within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Confidential Information. Confidential Information within the deposition transcripts may be designated by a statement made on the record or by indicating page and line numbers of such information by correspondence. Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Consent Confidentiality Agreement and Protective Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (unless the exhibits have previously been designated as Confidential Information pursuant to paragraph 2) will be treated as Confidential Information. If a timely designation is made, the Confidential Information portions and exhibits shall be maintained under seal separate from the portions and exhibits not so marked.

    (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (i)    the clients of the receiving party.

ORDER - 7

      4.3    <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order (which shall be drafted and filed by the designating party) is warranted.  If no agreement is reached, then the filing party shall give the designating party an opportunity to file a motion to seal.  If the designating party does not file a motion to seal within ten business days of the meet and confer, then the moving party may file the CONFIDENTIAL material without further awaiting the designating party's motion to seal, so long as doing so is consistent with the Federal Rules of Civil Procedure and Local Rules of the Eastern District of Washington.  Nothing in this agreement precludes any party from challenging CONFIDENTIAL designations, or from opposing motions to seal designated CONFIDENTIAL information.  Regarding such motions practice, the Parties agree to follow all Federal Rules of Civil Procedure, Local Rules of the Eastern District of Washington.

      4.4    <u>Use of Confidential Information at Trial</u>.  Any evidence marked as CONFIDENTIAL in accordance with this Order may be used at the trial of this litigation, provided that the reasonable notice described above is provided for the interested party to file a motion to seal.

ORDER - 8

## V. DESIGNATING PROTECTED MATERIALS

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

ORDER - 9

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        (i) Such designation must be applied in such a manner so as not to obscure any information contained therein.

    (b)    To the extent that any "Confidential Information" is used in the taking of depositions, such "Confidential Information" shall remain subject to the provisions of this Protective Order. The Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.

    Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate

ORDER - 10

portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)  Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

VI.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption

ORDER - 11

or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

### VII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation

ORDER - 12

that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

### VIII. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

ORDER - 13

### IX.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(b).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

### X.  NON-TERMINATION AND RETURN OF DOCUMENTS

Termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within 60 days after the termination of this action, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the Parties may agree upon appropriate methods of destruction.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders

ORDER - 14

otherwise.

## XI.  PRIVILEGE

Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED June 2, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ [date] in the case of *Jonathan Moody, et al, v. Grant County Sheriff's Department, et al*, 2:25-cv-00022. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this

ORDER - 16

1  Stipulated Protective Order, even if such enforcement proceedings occur after
2  termination of this action.
3
4  Date: _____
5  City and State where sworn and signed: _____
6  Printed name: _____
7  Signature: _____

ORDER - 17