FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHNATHAN MOODY, an individual, and KIRSTEN JONES, an individual,<br><br>                Plaintiff,<br><br>  v.<br><br>GRANT COUNTY, et al.,<br><br>                Defendants. | No. 2:25-CV-00022-MKD<br><br>ORDER GRANTING LIVE NATION'S MOTION TO DISMISS<br><br>**ECF No. 26** |

Before the Court is Defendant Live Nation's Motion to Dismiss. ECF No. 26. Timothy Green represents Plaintiffs. Christian Brown and Michael Jaeger represent Defendant. The Court has considered the briefing and the record and is fully informed. For the below reasons, the Court grants the motion.

**BACKGROUND**

The following facts are alleged in Plaintiffs' Third Amended Complaint. ECF No. 19. On August 19, 2022, Plaintiff Jonathan Moody drove to the Columbia Gorge Amphitheater to deliver items to his sister, Plaintiff Kirsten Jones. *Id.* at 7. Live Nation is the lease holder of the venue and parking lot. *Id.* at 6.

ORDER – 1

While delivering the items to his sister, Moody wore two firearms on his person. *Id.* at 9. Two witnesses reported to security personnel that they saw a male walking around with firearms and that he had loaded them while standing at the trunk of his vehicle. *Id.* at 7. Moody was subsequently detained by Starplex Corporation security guards and Grant County Deputy Sheriffs. *Id.* at 9-10.

On August 10, 2025, Plaintiffs filed a Third Amended Complaint alleging eight causes of action against Live Nation and other defendants. Plaintiffs assert causes of action for assault and battery, false arrest and false imprisonment, defamation through slander/libel, outrage or intentional infliction of emotional distress, negligent infliction of emotional distress, trespass to chattels, negligent supervision and training, and deprivation of civil and constitutional rights. ECF No. 19. Live Nation moved to dismiss on August 26, 2025. ECF No. 26.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* "Threadbare

ORDER – 2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

## DISCUSSION

Of the eight causes of action Plaintiffs assert, only three refer to Live Nation—assault and battery, false arrest and false imprisonment, and negligent training and supervision. Live Nation argues Plaintiffs have failed to state a claim as to each. The Court agrees and addresses each in turn.

**A. Assault and Battery**

Live Nation argues that Plaintiffs have failed to sufficiently allege an assault and battery cause of action. ECF No. 26 at 8. Under Washington law, "a 'battery' is an intentional and unpermitted contact with the plaintiff's person. A defendant is liable for battery if (a) 'he [or she] acts intending to cause a harmful or offensive contact with the [plaintiff or a third party], or an imminent apprehension of such contact, and (b) a harmful or offensive contact with the [plaintiff] directly or

ORDER – 3

indirectly results.'" *Kumar v. Gate Gourmet Inc.*, 325 P.3d 193, 204 (Wash. 2014) (en banc) (quoting Restatement (Second) of Torts § 13 (1965)). "An assault is any act of such a nature that causes apprehension of a battery." *McKinney v. City of Tukwila*, 13 P.3d 631, 641 (Wash. Ct. App. 2000) (citation omitted).

Plaintiffs allege "[n]o notice was given to persons on the premises. . .that firearms were not allowed either by statute, regulation, or a private right asserted by property leaseholder/manager [Live Nation]." ECF No. 19 at 12. Plaintiffs further allege that "two employees or agents of defendant Starplex Corporation. . .violently, intentionally, and without just cause forcefully and publicly assaulted plaintiff. . .by grabbing his arms and holding onto his arms." *Id.* at 13. Plaintiffs assert that Live Nation is "vicariously liable for the acts and omissions of Starplex Corporation and its employees, as well as liable for their acts and omissions under the doctrine of *respondeat superior*, as a principal-agency relationship at all times material existed." *Id.* at 5.

"Under respondeat superior, an employer is vicariously liable to third parties for torts committed by the servant within the scope of employment." *Wilcox v. Basehore*, 389 P.3d 531, 538 (Wash. 2017) (en banc) (citing Restatement (Second) of Agency § 219 (1958)). However, "[a]n employer is generally not liable for the acts of the independent contractor." *Wilson v. Grant*, 258 P.3d 695 (Wash. Ct. App. 2011) (citation omitted). An independent contractor "may be generally

ORDER – 4

defined as one who contractually undertakes to perform services for another, but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in performing the services." *Hollingbery v. Dunn*, 411 P.2d 431 435 (Wash. 1966) (citation omitted).

Beyond asserting the legal theory of vicarious liability, Plaintiffs have not alleged facts that support the basis for recovery under it, such as alleging that Live Nation retained the right to control Starplex Corporation in performance of their security services. *See Wilson*, 258 P.3d at 695. This is insufficient for stating a plausible claim. *See Ashcroft*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Further, Plaintiffs have not alleged Live Nation directly committed battery or assault against Plaintiff. Accordingly, the Court finds that Plaintiffs have not plausibly alleged a battery and assault cause of action against Live Nation.

**B. False Arrest and False Imprisonment**

Live Nation asserts that Plaintiffs have failed to allege a false arrest and false imprisonment cause of action. ECF No. 26 at 9. Under Washinton law, "[a] false arrest occurs when a person with actual or pretended legal authority to arrest unlawfully restrains or imprisons another person. The gist of false arrest and false imprisonment is essentially the same, viz., the unlawful violation of a person's

ORDER – 5

right of personal liberty, and a false imprisonment occurs whenever a false arrest occurs." *Youker v. Douglas Cnty.*, 258 P.3d 60, 68 (Wash. Ct. App. 2011) (cleaned up).

Plaintiffs broadly allege that Starplex Corporation employees "forced plaintiff Jonathan Moody to remain in a single location. . . under their physical control, through either physical force, threat of force, or conduct implying force will be used to hold him at that location, despite not having lawful authority or lawful reason" and that this happened in Live Nation's "parking lot for its Columbia Gorge Amphitheater musical entertainment venue." ECF No. 19 at 13. Plaintiffs again assert that Live Nation is vicariously liable under *respondeat superior* for the actions of Starplex Corporation. As discussed above, however, Plaintiffs have not alleged facts that support the basis for recovery under this legal theory: Plaintiffs do not allege that Live Nation retained the right to control Starplex Corporation in performance of its security services and proffer neither direct nor indirect factual allegations of the elements necessary to recover under that legal theory for either a false arrest or a false imprisonment claim. *See Ashcroft*, 556 U.S. at 679; *Twombly*, 550 U.S. at 562. Therefore, the Court concludes Plaintiffs have failed to plausibly allege a false arrest and false imprisonment claim against Live Nation.

ORDER – 6

**C. Negligent Supervision and Training**

Live Nation asserts that Plaintiffs have failed to allege a negligent supervision and training cause of action. ECF No. 26 at 10. Claims for negligent supervision and training "arise when the employee is acting outside the scope of employment." *Evans v. Tacoma School District No. 10*, 380 P.3d 553, 564 (Wash. Ct. App. 2016).

Plaintiffs allege that Live Nation, along with other Defendants, "had a duty to train and supervise the deputy sheriffs and other employees of Grant County, Live Nation Worldwide, Inc., and Starplex Corporation in their obligations to not disseminate false information or allegations" as well as "not to detain and arrest individuals and/or seize their property for exercising Second Amendment rights." ECF No. 19 at 18. Plaintiffs further allege Defendant Live Nation "breached that duty to train and supervise properly…when they failed to properly train and supervise." *Id.* at 19. As before, Plaintiffs have not offered any factual allegations to sustain recovery of a negligent supervision or training claim, such as alleging that employees of Live Nation acted outside the scope of their employment. *See Ashcroft*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. Accordingly, the Court finds that Plaintiffs have not plausibly alleged a negligent supervision or training against Live Nation.

ORDER – 7

## CONCLUSION

For the reasons stated above, the Court dismisses claims as to Defendant Live Nation, with leave to amend.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Live Nation's Motion to Dismiss, **ECF No. 26**, is **GRANTED.**

2. All claims against Live Nation are **DISMISSED** with leave to amend.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED November 21, 2025

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 8